# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

SARAH MENARD

CIVIL ACTION NO.: 13-3244

vs.

JUDGE: REBECCA F. DOHERTY

AFFORDABLE DENTURES DENTAL          MAGISTRATE: PATRICK J. HANNA
LABORATORIES, INC.
**************************************************************************

### AMENDED  COMPLAINT

**NOW COMES** Plaintiff, **SARAH MENARD**, through undersigned counsel, and amends her Original Complaint, as follows:

1.

Paragraph 5 of the Original Complaint is amended to read as follows:

"At all material times relevant to this action Defendant, **AFFORDABLE DENTURES DENTAL LABORATORIES, INC.**, was an enterprise engaging in interstate commerce. Specifically, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203 (s) of the FLSA. Further, upon information and belief, Defendant's gross sales have been in excess of $500,000.00 per year for each of the last three years. Additionally, Plaintiff was individually engaged in interstate commerce during her employment with Defendant."

2.

Paragraph 6 of the Original Complaint is amended to read as follows:

"At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §201-209, because

Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty within a work week. In addition, Defendants failed to comply with 28 U.S.C.A. § 201 *et seq.*, because Plaintiff was paid for time worked with accumulated sick time, specifically 8.0 hours of her sick/personal time was charged against her to fulfil her alleged salary for the pay period ending February 10, 2012."

3.

Paragraph 7 of the Original Complaint is amended to read as follows:

"During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty(40) per work week during one or more work weeks. During her employment with Defendant, Plaintiff regularly worked overtime hours. Specifically, plaintiff was paid half time rather than overtime pay for the months between June 2011 up until her termination on March 23, 2012."

4.

Paragraph 7A should be added to the  Original Complaint and should read as follows:

"Plaintiff began her employment with the Defendant on or about February 2001 and was terminated from her employment on March 23, 2012. Plaintiff, was employed as a "Full Technician" until a change in employment status on or about August 1, 2011.  At this time plaintiff's position was changed to Interim Lab Manager.  With this change in title came an increase in pay and *generally* no overtime pay.    Plaintiff was however paid some overtime pay on November 25, 2011."

5.

Paragraph 7B should be added to the  Original Complaint and should read as follows:

"Plaintiff continued as an Interim Lab Manger until on or about November 11, 2011, when her title was again changed.  This new titled was Lab Manger.  Plaintiff was again given an increase in pay and no overtime was paid. Plaintiff continued in this capacity until February 11, 2012, when her titled was changed to Acting Lab Manager.   After this change in title she was not paid overtime during the weeks up until her termination on March 23, 2012.   She was specifically not paid overtime during this time period for 18.25 hours. In addition, she was forced to use *sick/personal* time to complete her alleged *"salary"*, immediately after her demotion on February 11, 2012.  This amounted to 8.0 hours in pay."

6.

Paragraph 7C should be added to the  Original Complaint and should read as follows:


"It is alleged that the failure to pay time and one/half overtime pay, failure to pay overtime during her employment as Interim Lab Manager, Lab Manager, and Acting lab manager constituted a violation of the of the Section 13(a)(1) of the FLSA. 29 U.S.C.A. § 213 *et seq*. It is specifically alleged that the employee positions as Lab Technicians, Interim Lab Manager, Lab Manager, and Acting Lab Manager, are not exempt under the FLSA. 29 U.S.C.A. § 213 *et seq*."

7.

Plaintiff adopts by reference and reiterates the remainder of the allegations of the Original Complaint.


**WHEREFORE**, Plaintiff prays that her original and Amended Complaints be deemed good and sufficient and that she be granted the relief sought in each.

Respectfully submitted,
GALLOWAY & JEFCOAT, L.L.P.

/S/ John M. Jefcoat
JOHN M. JEFCOAT (#24130)
P. O. Box 61550
1925 Dulles Drive
Lafayette, Louisiana  70596
Telephone: (337) 984-8020
Fax: (337) 984-7011